# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 05/30/2025 03:01:27 PM.
30-2025-01486575-CU-PL-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE SHERWIN-WILLIAMS COMPANY; THE SHERWIN-WILLIAMS MANUFACTURING
COMPANY; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES ALLEN MOUSAW, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br><br>700 Civic Center Drive West, Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*  30-2025-01486575-CU-PL-CJC<br><br>Judge Nico Dourbetas |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher B. Adamson, Esq., 1122 S. La Cienega Blvd., Los Angeles, CA 90035. 310.888.0024.

DATE:   05/30/2025   DAVID H. YAMASAKI, Clerk of the Court         Clerk, by _____ , Deputy
*(Fecha)*                                                          *(Secretario)* _____ *(Adjunto)*

K. Climer

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1.  [ ] as an individual defendant.
2.  [ ] as the person sued under the fictitious name of *(specify):*
3.  [X] on behalf of *(specify):* The Sherwin - Williams Company
    under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4.  [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]                    **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 05/30/2025 03:01:27 PM.
30-2025-01486575-CU-PL-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| Christopher B. Adamson, Esq. (State Bar No. 238500)<br>Adamson Ahdoot LLP, 1122 S. La Cienega Blvd., Los Angeles, CA 90035<br><br>TELEPHONE NO.: 310.888.0024    FAX NO.: 888.895.4665<br>EMAIL ADDRESS: christopher@aa.law<br>ATTORNEY FOR *(Name)*: Plaintiff - James Allen Mousaw | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
 STREET ADDRESS: 700 Civic Center Drive West
 MAILING ADDRESS:
 CITY AND ZIP CODE: Santa Ana, CA 92701
 BRANCH NAME: Central Justice Center

CASE NAME:
 Mousaw v. The Shewin-Williams Co.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**    [ ] **Limited**<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2025-01486575-CU-PL-CJC |
| | | JUDGE: Judge Nico Dourbetas<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [x] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*: (4)

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 30, 2025

Christopher B. Adamson, Esq.
_____        ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Electronically Filed by Superior Court of California, County of Orange, 05/30/2025 03:01:27 PM.
30-2025-01486575-CU-PL-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
**ADAMSON AHDOOT LLP**
1122 S. La Cienega Blvd.
Los Angeles, California 90035
T: 310.888.0024
F: 888.895.4665
E: alan@aa.law
E: christopher@aa.law

Attorneys for Plaintiff
JAMES ALLEN MOUSAW

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

## UNLIMITED JURISDICTION

| | |
|---|---|
| JAMES ALLEN MOUSAW, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE SHERWIN-WILLIAMS COMPANY; THE SHERWIN-WILLIAMS MANUFACTURING COMPANY; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:  30-2025-01486575-CU-PL-CJC<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **NEGLIGENCE – FAILURE TO WARN**<br>2. **NEGLIGENT PRODUCTS LIABILITY**<br>3. **STRICT PRODUCTS LIABILITY**<br>4. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>**PLAINTIFF REQUESTS TRIAL BY JURY**<br><br>**DEMAND IS ABOVE $35,000.00**<br><br>**Assigned for All Purposes**<br><br>Judge Nico Dourbetas |

PLAINTIFF'S COMPLAINT FOR DAMAGES

1

COMES NOW Plaintiff JAMES ALLEN MOUSAW (hereinafter referred to as "PLAINTIFF"), in this Complaint for causes of action against Defendants THE SHERWIN-WILLIAMS COMPANY (hereinafter "DEFENDANT SWC"); THE SHERWIN-WILLIAMS MANUFACTURING COMPANY (hereinafter "DEFENDANT SWMC"); and DOES 1-100, Inclusive, and each of them, (collectively referred to as "DEFENDANTS"), complains and allege as follows:

## GENERAL ALLEGATIONS

1.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOES 1 -100, inclusive, are unknown to PLAINTIFF at this time, who therefore sues said DEFENDANTS by such fictitious names; and when the true names and capacities of said DEFENDANTS are ascertained, PLAINTIFF will amend this complaint accordingly.

2.    PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein as a DOE was negligent and/or was in the chain of distribution (including but not limited to the manufacturers, distributors, wholesalers, and retailers) of the defective product and/or was directly in the chain of marketing of the defective product and/or is otherwise responsible in some manner for the events and happenings herein referred to, and their negligence and/or other conduct pertaining to the incident described herein or pertaining to the defective product described herein or otherwise, proximately caused the severe injuries to PLAINTIFF, either through said DEFENDANTS' own conduct or through the conduct of their agents, servants, or employees, or due to their ownership, rental, use, sale, repair, maintenance, designing, manufacturing, marketing or leasing of the instrumentality or property causing the injury, or in some other manner.

3.    At all times relevant and mentioned herein, PLAINTIFF was, and is, a resident of the City of Anaheim, California.

4.    At all times relevant and mentioned herein, DEFENDANTS, and each of them, were, and are, doing business in the State of California.

5.   PLAINTIFF is informed, believes, and thereon alleges that at all times relevant and mentioned herein, DEFENDANTS, including DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them was acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every DEFENDANT, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other DEFENDANT as an agent, employee and/or joint venturer. Furthermore, that each said DEFENDANT, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-Defendants, as alleged. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously named DEFENDANTS, and each of them, engaged in the same or similar conduct as the named DEFENDANT, thereby proximately causing PLAINTIFF'S injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants, or employees, or due to their ownership, rental, use, repair, or maintenance of the product.

6.   At all times mentioned herein DEFENDANTS, and each of them, were doing business in the State of California.

7.   At all times mentioned herein, PLAINTIFF'S injuries occurred at 2270 N. Batavia Street, Orange, CA 92865, which falls within the judicial district of the Orange County Superior Court. Therefore, this Court is the proper court to bring this action pursuant to California Code of Civil Procedure Sections 395 and 396.

8.   PLAINTIFF brings this action because of the injuries and damages sustained in connection with an incident that occurred on or about November 30, 2024, when the paint can that was purchased from the DEFENDANTS caused PLAINTIFF'S injuries during use.

9.   PLAINTIFF viewed, ordered, and purchased from DEFENDANTS a VHT high-temperature caliper paint can (hereinafter referred to as "SUBJECT CAN").

10.   DEFENDANTS, and each of them, promoted, marketed, distributed, sold, or otherwise placed into the stream of commerce the SUBJECT CAN that PLAINTIFF purchased.

DEFENDANTS, and each of them, received direct benefits from the sale of the SUBJECT CAN, including but not limited to a commission on the sale.

11.    On or about November 30, 2024, when PLAINTIFF was using the SUBJECT CAN with due care, the SUBJECT CAN exploded, causing hot paint to make contact with PLAINTIFF'S person. PLAINTIFF sustained severe and debilitating injuries as a result of the defective SUBJECT CAN.

12.    DEFENDANTS, and each of them, are directly and vicariously liable for PLAINTIFF'S injuries and damages for marketing, supplying, distributing, and selling the SUBJECT CAN.

13.    As a result of the SUBJECT INCIDENT, PLAINTIFF suffered severe, traumatic, and debilitating injuries that necessitated significant medical care.

## FIRST CAUSE OF ACTION

## NEGLIGENCE – FAILING TO WARN

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-100.)

14.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

15.    DEFENDANTS, and each of them, promoted, distributed, repaired and/or sold the SUBJECT CAN, expecting it would reach consumers in the condition in which it was manufactured and sold, and knowing, or with reason to know, it would be used without inspection for defects of any danger to PLAINTIFF.

16.    The SUBJECT CAN did in fact reach PLAINTIFF without substantial change in the condition in which DEFENDANTS, and each of them, first sold it.

17.    At the time of the incident, PLAINTIFF was using the SUBJECT CAN as it was intended to be used and in a reasonably foreseeable manner.

18.    The SUBJECT CAN was defective in its design and/or manufacture because it did not perform as safely as an ordinary consumer would have expected it to perform. The SUBJECT CAN was unable to avoid exploding while being used as intended and in a reasonably foreseeable

manner.

19.    DEFENDANTS, and each of them, are also liable to PLAINTIFF because they failed to provide adequate warnings regarding the condition of the SUBJECT CAN, causing it to be unreasonably dangerous to the intended user at the time it left DEFENDANTS' possession. Neither the SUBJECT CAN nor any accompanying materials contained any warnings that were sufficiently adequate to have warned PLAINTIFF of the substantial danger of exploding when the SUBJECT CAN is used in its intended manner.

20.    The SUBJECT CAN was provided in a dangerous condition, making it unreasonably dangerous, defective, and unsafe for its intended use.

21.    DEFENDANTS, and each of them, are held to the level of knowledge of an expert in the field and knew or should have known the SUBJECT CAN was dangerous, defective, and unsafe for its intended use.

22.    Despite DEFENDANTS' knowledge of the dangers associated with the use of the SUBJECT CAN, DEFENDANTS, and each of them, promoted, distributed, and/or sold the product without adequate information and data.

23.    DEFENDANTS, and each of them, knew or should have known consumers, including PLAINTIFF, would foreseeably suffer severe injuries as a result of their failures.

24.    DEFENDANTS, and each of them, failed to provide any warnings of a possible defect or dangerous condition.

25.    As a direct result of the defective SUBJECT CAN and the conduct of DEFENDANTS, PLAINTIFF sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

26.    PLAINTIFFS re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

27.    DEFENDANTS, and each of them, negligently, and recklessly, distributed, repaired, maintained, sold, inspected, warranted, designed, manufactured, failed to warn, and/or advertised the SUBJECT CAN, such that it was dangerous and unsafe for its intended use and/or reasonably foreseeable use.

28.    DEFENDANTS, and each of them, owed a duty to PLAINTIFF and the general public to exercise reasonable care in the sale of the SUBJECT CAN, to ensure it was safe for its reasonably foreseeable use.

29.    DEFENDANTS, and each of them, failed to exercise the reasonable amount of care in the repair and sale of the SUBJECT CAN, that a reasonably careful manufacturer, designer, or seller would have used in same of similar circumstances to avoid exposing others to a foreseeable risk of harm.

30.    As a proximate result of said negligent conduct, PLAINTIFF suffered irreparable injuries as previously alleged. The negligence of DEFENDANTS, and each of them, was a substantial factor in causing PLAINTIFF'S injuries and damages, as previously alleged.

### THIRD CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

31.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

32.    At all times mentioned herein, DEFENDANTS, and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, repairing, distributing, selling, inspecting, warranting, marketing, and/or advertising the SUBJECT CAN.

33.    At all times mentioned herein, DEFENDANTS, and each of them, manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and/or sold the SUBJECT CAN and each of its component parts with defects in either their design, manufacturing and/or failure to warn, which made SUBJECT CAN dangerous, hazardous and unsafe for its intended use.

34.    PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT CAN included design and/or manufacturing defects that resulted in PLAINTIFF'S injuries, and that the SUBJECT CAN contained this defect when it was introduced into the stream of commerce.

35.    PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS, and each of them, failed to properly warn of the dangers in the reasonable and intended use of the SUBJECT CAN.

36.    As a direct result of the defective SUBJECT CAN and conduct of the DEFENDANTS, and each of them, PLAINTIFF sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

37.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

38.    PLAINTIFF is informed, believes, and thereon alleges that PLAINTIFF purchased the SUBJECT CAN from DEFENDANTS, and each of them.

39.    PLAINTIFF is informed, believes, and thereon alleges that at the time of purchase, DEFENDANTS, and each of them, were in the business of selling VHT high-temperature caliper paint cans, by their occupation held them out as having special knowledge or skill regarding these goods.

40.    PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT CAN was not of the same quality as those generally acceptable in the trade, was not fit for the ordinary purposes for which the SUBJECT CAN was used.

41.    PLAINTIFF sustained irreparable injuries as a result of the defective SUBJECT CAN.

42.    PLAINTIFF is informed, believes, thereon alleges that the failure of the SUBJECT CAN to have the expected quality was a substantial factor in causing the injuries of PLAINTIFF.

## PRAYER FOR DAMAGES

WHEREFORE, PLAINTIFF hereby prays for judgment against DEFENDANTS, and each of them, as follows:

1. For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2. For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3. For prejudgment interest, according to proof;

4. For cost of suit incurred herein, including attorney's fees, according to proof;

5. For damages for PLAINTIFF'S other losses, according to proof;

6. For such other and further relief as the Court may deem just and proper.

Dated: May 30, 2025                                    ADAMSON AHDOOT LLP

By: _____
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
JAMES ALLEN MOUSAW

## DEMAND FOR TRIAL BY JURY

PLAINTIFF hereby demands a trial by jury as to all causes of action.

Dated: May 30, 2025                                    ADAMSON AHDOOT LLP

By: _____
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
JAMES ALLEN MOUSAW

PLAINTIFF'S COMPLAINT FOR DAMAGES

8

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Mousaw vs. The Sherwin-Williams Company

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2025-01486575-CU-PL-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that that the following document(s), Notice of Hearing OC, was transmitted electronically by an Orange County Superior Court email server on May 31, 2025, at 7:30:01 AM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

ADAMSON AHDOOT LLP
alan@aa.law

ADAMSON AHDOOT LLP
christopher@aa.law

Clerk of the Court, by: *Fred Acosta* , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                    Code of Civ. Procedure , § CCP1013(a)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
|---|---|
| PLANTIFF: James Allen Mousaw | **May 31, 2025** |
| DEFENDANT: The Sherwin-Williams Company et.al. | Clerk of the Court<br>By: K. Climer, Deputy |
| Short Title: MOUSAW VS. THE SHERWIN-WILLIAMS COMPANY | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2025-01486575-CU-PL-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>02/02/2026</u> at <u>09:00:00 AM</u> in Department <u>C16</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>IMPORTANT:</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

<u>IMPORTANTE:</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

<u>QUAN TRỌNG:</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** MOUSAW VS. THE SHERWIN-WILLIAMS COMPANY

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** **30-2025-01486575-CU-PL-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana, California</u>, on <u>05/31/2025</u>. Following standard court practice the mailing will occur at <u>Sacramento, California</u> on <u>06/02/2025</u>.

Clerk of the Court, by: _____ , Deputy

ADAMSON AHDOOT LLP
1122 S LA CIENEGA BOULEVARD
LOS ANGELES, CA 90035